UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MCKESSON CORPORATION DERIVATIVE LITIGATION | Case No. 4:17-cv-01850-CW<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE<br><br>Re: Dkt Nos. 203, 218 |

WHEREAS, a consolidated stockholder derivative action is pending in this Court entitled *In re McKesson Corporation Derivative Litigation*, No. 4:17-cv-01850-CW (the "California Action");

WHEREAS, (a) plaintiffs in the California Action, Eli Inzlicht; Vladimir Gusinsky, as Trustee for the Vladimir Gusinsky Living Trust; Chaile Steinberg; Michael Berent, Trustee of the Police & Fire Retirement System City of Detroit; and Amalgamated Bank, as Trustee for Longview Largecap 500 Index Fund and Longview Largecap 500 Index VEBA Fund (collectively, the

"California Plaintiffs"); (b) plaintiffs in the stockholder derivative action pending in the Court of Chancery of the State of Delaware (the "Delaware Court"), styled as *In re McKesson Corporation Stockholder Derivative Litigation*, Consol. C.A. No. 2017-0736-SG (the "Delaware Action" and, together with the California Action, the "Actions"), Katielou Greene and Charles Ojeda (collectively, the "Delaware Plaintiffs" and, together with the California Plaintiffs, "Plaintiffs"); (c) current and former defendants in the California Action or the Delaware Action, Andy Bryant; Wayne A. Budd; John Hammergren; M. Christine Jacobs; Marie L. Knowles; Edward Mueller; Donald Knauss; Susan Salka; N. Anthony Coles; Alton Irby III; David Lawrence; Jane Shaw; Laureen Seeger; Paul Julian; and Mark Walchirk (collectively, "Defendants"); (d) the Special Litigation Committee formed by the Board of Directors of Nominal Defendant McKesson Corporation (the "SLC"); and (e) Nominal Defendant McKesson Corporation ("Nominal Defendant," "McKesson," or the "Company" and, together with Plaintiffs, Defendants, and the SLC, the "Parties") have reached a proposed settlement on the terms and conditions set forth in the Stipulation and Agreement of Compromise, Settlement, and Release dated December 11, 2019, (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, the California Plaintiffs have made an application in this Court, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to McKesson stockholders as more fully described herein;

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
SETTLEMENT

1    WHEREAS, the Court has read and considered: (a) the
2    California Plaintiffs' motion for preliminary approval of the
3    Settlement and authorization to send notice of the Settlement to
4    McKesson stockholders, and the papers filed and arguments made in
5    connection therewith; and (b) the Stipulation and the exhibits
6    attached thereto; and

7    WHEREAS, unless otherwise defined herein, all capitalized
8    words contained herein shall have the same meanings as they have
9    in the Stipulation;

10   NOW, THEREFORE, THE COURT HEREBY ORDERS:

11   1.    <u>Preliminary Approval of the Settlement</u> – The Court
12   hereby preliminarily approves the Settlement, as embodied in the
13   Stipulation and the exhibits attached thereto, subject to further
14   consideration at the Settlement Fairness Hearing to be held as
15   described below.

16   2.    <u>Settlement Fairness Hearing</u> – The Court will hold a
17   hearing (the "Settlement Fairness Hearing") on April 21, 2020, at
18   2:30 p.m., at the United States District Court for the Northern
19   District of California, Oakland Courthouse, 1301 Clay Street,
20   Oakland, CA 94612, for the following purposes: (a) to determine
21   whether the California Plaintiffs and Plaintiffs' Lead Counsel
22   have adequately represented the interests of McKesson and its
23   stockholders; (b) to determine whether the proposed Settlement on
24   the terms and conditions provided for in the Stipulation is fair,
25   reasonable, and adequate to McKesson and its stockholders, and
26   should be approved by the Court; (c) to determine whether the
27   revised proposed Judgment, Docket No. 218-1, should be entered

dismissing the California Action with prejudice; (d) to determine whether the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind. The Court further reserves the right to approve the Stipulation and the Settlement, at or after the Settlement Fairness Hearing, with such modifications as may be consented to by the Parties and without further notice to McKesson stockholders.

4. <u>Manner of Providing Notice</u> – Notice of the Settlement and the Settlement Fairness Hearing shall be given by McKesson as follows:

(a) no later than ten (10) calendar days following the date of entry of this Order (the "Notice Date"), McKesson shall direct its third-party investor communications provider, Alliance Advisors, to send the Notice, substantially in the form attached hereto as Exhibit B-1, to all then-current McKesson stockholders as of the Notice Date in the same manner that McKesson distributes notice to McKesson's stockholders of McKesson's annual meeting of stockholders. With respect to shares held by a brokerage firm, bank, or other entity as a record holder for the beneficial interest of persons or organizations other than

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

themselves, notice shall be sent directly to such beneficial owners in the manner that the beneficial owner has requested to receive stockholder materials from the brokerage firm, bank, or other entity holding their respective shares;

(b) not later than the Notice Date, McKesson shall post a hyperlink to a copy of the Stipulation and the Notice and any other materials relevant to the Settlement on the "Investor Relations" section of the Company's website, investor.mckesson.com, and such documents shall remain posted to the hyperlinked website through the Effective Date of the Settlement;

(c) not later than ten (10) calendar days after the Notice Date, McKesson shall also cause the Summary Notice, substantially in the form attached hereto as Exhibit B-2, to be published once in the national edition of the *New York Times* and to be transmitted once over the *PR Newswire*; and

(d) not later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing, McKesson's Counsel shall serve on Plaintiffs' Lead Counsel and file with the Court proof, by affidavit or declaration, of compliance with paragraphs 4(a)-(c), above.

5. <u>Approval of Form and Content of Notice</u> – The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached hereto as Exhibits B-1 and B-2, respectively, and (b) finds that the distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order: (i) constitutes notice that

is reasonably calculated, under the circumstances, to apprise McKesson stockholders of the pendency of the Actions, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses, of their right to object to the Settlement or Plaintiffs' Lead Counsel's application for attorneys' fees and expenses, and of their right to appear at the Settlement Fairness Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, and the United States Constitution (including the Due Process Clause). The date and time of the Settlement Fairness Hearing shall be included in the Notice before it is distributed.

6. <u>Appearance and Objections at Settlement Fairness Hearing</u> – Any current McKesson stockholder who or which continues to own shares of McKesson common stock as of the Notice Date ("Current McKesson Stockholder") may file a written objection to the proposed Settlement or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses, and appear at the Settlement Fairness Hearing and show cause, if he, she, or it has any cause why the proposed Settlement or the application for attorneys' fees and expenses should not be approved; provided, however, that no such person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the application for attorneys' fees and

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
SETTLEMENT

expenses unless that person or entity has filed a written objection with the Court.  Any written objection, together with copies of all other papers and briefs supporting the objection, must be mailed to the Office of the Clerk of the Court, United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, CA 94612, or filed in person at any location of the United States District Court for the Northern District of California, so that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.  Any objections, filings, and other submissions must clearly identify the case name and action number, *In re McKesson Corporation Derivative Litigation*, No. 17-cv-01850-CW, and they must: (a) state the name, address, and telephone number of the objector and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of his, her, or its counsel; (c) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector indicates that he, she, or it intends to appear at the Settlement Fairness Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of McKesson common stock as of the close of trading on the Notice Date.  Plaintiffs' Lead Counsel are authorized to request

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

from any objector documentation sufficient to prove continuous ownership of McKesson common stock.  All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings.  Any Current McKesson Stockholder who or which has filed a written objection in the manner provided herein may also appear at the Settlement Fairness Hearing, either in person or through his, her, or its own attorney, at his, her, or its own expense.

    7.    Any McKesson stockholder who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses (including any right of appeal) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and expenses in this or any other proceeding, but shall otherwise be bound by this Order, the Judgment to be entered, and the Releases to be given by the Settlement.

    8.    <u>Stay and Temporary Injunction</u> – Until otherwise ordered by the Court, the Court stays all proceedings in the California Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court (a) bars and enjoins Current McKesson Stockholders from

commencing or prosecuting any action asserting any Settled Plaintiffs' Claims or Settled Litigation Claims against any of the Released Defendants' Parties; (b) bars and enjoins Current McKesson Stockholders from commencing or prosecuting any action asserting any Settled Defendants' Claims or Settled Litigation Claims against any of the Released Plaintiffs' Parties; and (c) bars and enjoins Current McKesson Stockholders from commencing or prosecuting any action asserting any Settled Litigation Claims against the SLC or the SLC's Counsel.

9. <u>Notice Costs</u> – McKesson shall assume all administrative responsibility for and will pay any and all Notice Costs, regardless of whether the Court grants final approval of the Settlement or the Effective Date fails to occur. Neither Plaintiffs nor their counsel shall be responsible for any Notice Costs nor shall any Notice Costs be paid from the Cash Settlement Fund.

10. <u>Settlement Fund</u> – All funds held in the Derivative Escrow Account by Citibank, N.A. (which the Court approves as the Derivative Escrow Agent) shall be deemed and considered to be <u>in custodia legis</u> of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds shall be paid out of the Derivative Escrow Account pursuant to the terms of the Stipulation or further order(s) of the Court.

11. <u>Taxes</u> – Plaintiffs' Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Cash Settlement Fund held in the Derivative Escrow Account, to pay from the Cash Settlement Fund

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

held in the Derivative Escrow Account any Taxes and Tax Expenses owed with respect to the Cash Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

12. <u>Use of This Order</u> – Neither this Order, the Term Sheet, the Stipulation, including the exhibits thereto, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties or the SLC as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties or the SLC with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties or the SLC, as evidence of, or construed as,

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties or the SLC that any of the Released Plaintiffs' Parties' claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaints would not have exceeded the Settlement Consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties or the SLC as an admission, concession, or presumption that the consideration to be given in the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Released Parties and their respective counsel, the SLC, and the SLC's Counsel may refer to it to effectuate the protections from liability granted therein, to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement.

//

13. _Termination of Settlement_ – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Parties or any McKesson stockholders, and the Parties shall revert to their respective litigation positions in the Actions as of October 15, 2019.

14. _Supporting Papers_ – Plaintiffs' Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, and Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses, no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

15. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated: 1/31/2020

CLAUDIA WILKEN
United States District Judge