UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MCKESSON CORPORATION DERIVATIVE LITIGATION | Case No. 4:17-cv-01850-CW<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER APPROVING DERIVATIVE ACTION SETTLEMENT<br><br>Re: Dkt Nos. 221, 222 |

WHEREAS, a consolidated stockholder derivative action is pending in this Court entitled In re McKesson Corporation Derivative Litigation, No. 4:17-cv-01850-CW (the "California Action");

WHEREAS, (a) plaintiffs in the California Action, Eli Inzlicht; Vladimir Gusinsky, as Trustee for the Vladimir Gusinsky Living Trust; Chaile Steinberg; Michael Berent, Trustee of the Police & Fire Retirement System City of Detroit; and Amalgamated Bank, as Trustee for Longview Largecap 500 Index Fund and Longview Largecap 500 Index VEBA Fund (collectively, the California Plaintiffs); (b) plaintiffs in the stockholder

derivative action pending in the Court of Chancery of the State of Delaware (the Delaware Court), styled as <u>In re McKesson Corporation Stockholder Derivative Litigation</u>, Consol. C.A. No. 2017-0736-SG (the Delaware Action and, together with the California Action, the Actions), Katielou Greene and Charles Ojeda (collectively, the Delaware Plaintiffs and, together with the California Plaintiffs, Plaintiffs); (c) current and former defendants in the California Action or the Delaware Action, Andy Bryant; Wayne A. Budd; John Hammergren; M. Christine Jacobs; Marie L. Knowles; Edward Mueller; Donald Knauss; Susan Salka; N. Anthony Coles; Alton Irby III; David Lawrence; Jane Shaw; Laureen Seeger; Paul Julian; and Mark Walchirk (collectively, Defendants); (d) the Special Litigation Committee formed by the Board of Directors of Nominal Defendant McKesson Corporation (the SLC); and (e) Nominal Defendant McKesson Corporation (Nominal Defendant, McKesson, or the Company and, together with Plaintiffs, Defendants, and the SLC, the Parties) have reached a proposed settlement on the terms and conditions set forth in the Stipulation and Agreement of Compromise, Settlement, and Release dated December 11, 2019, (the Stipulation) subject to the approval of this Court (the Settlement);

WHEREAS, the Settlement provides for a complete dismissal with prejudice of the claims asserted in the Actions against Defendants;

WHEREAS, by Order dated January 31, 2020 (the Preliminary Approval Order), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to McKesson stockholders; (c) provided McKesson

2

[~~PROPOSED~~] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

1  stockholders with the opportunity to object to the proposed

2  Settlement and Plaintiffs' Lead Counsel's application for an

3  award of attorneys' fees and expenses; and (d) scheduled a

4  hearing regarding final approval of the Settlement;

5  WHEREAS, the Court conducted a hearing on April 21, 2020

6  (the Settlement Fairness Hearing) to consider, among other

7  things, (a) whether the California Plaintiffs and Plaintiffs'

8  Lead Counsel have adequately represented the interests of

9  McKesson and its stockholders; (b) whether the proposed

10  Settlement on the terms and conditions provided for in the

11  Stipulation is fair, reasonable, and adequate to McKesson and its

12  stockholders, and should be approved by the Court; (c) whether a

13  judgment should be entered dismissing the California Action with

14  prejudice; and (d) whether the application by Plaintiffs' Lead

15  Counsel for an award of attorneys' fees and expenses should be

16  approved;

17  WHEREAS, no objections to the Settlement were filed; and

18  WHEREAS, it appearing that due notice of the terms of the

19  Settlement and Releases and the Settlement Fairness Hearing has

20  been given in accordance with the Preliminary Approval Order; the

21  Parties having appeared by their respective attorneys of record;

22  the Court having heard and considered evidence in support of the

23  proposed Settlement; the attorneys for the respective Parties

24  having been heard; an opportunity to be heard having been given

25  to all other persons or entities requesting to be heard in

26  accordance with the Preliminary Approval Order; the Court having

27  determined that notice to McKesson stockholders was adequate and

28

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, as follows:

1.    Definitions – Unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meaning as they have in the Stipulation.

2.    Jurisdiction – The Court has jurisdiction over the subject matter of the California Action, including all matters necessary to effectuate the Settlement and this Judgment and over all Parties.

3.    Incorporation of Settlement Documents – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 27, 2019; and (b) the Notice and Summary Notice, which were filed with the Court on January 30, 2020.

4.    Derivative Action Properly Maintained; Adequacy of Plaintiffs and Plaintiffs' Counsel – Based on the record in the California Action, each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied and the California Action has been properly maintained according to Rule 23.1.  The California Plaintiffs and Plaintiffs' Lead Counsel have adequately represented the interests of McKesson and its stockholders both in terms of litigating the California Action and for purposes of entering into and implementing the Settlement.

5.    Notice – The Court finds that the dissemination of the Notice and publication of the Summary Notice: (a) were

[~~PROPOSED~~] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

implemented in accordance with the Preliminary Approval Order;
(b) constituted notice that was reasonably calculated, under the
circumstances, to apprise McKesson stockholders of: (i) the
pendency of the Actions; (ii) the effect of the proposed
Settlement (including the Releases to be provided thereunder);
(iii) Plaintiffs' Lead Counsel's application for an award of
attorneys' fees and expenses; (iv) their right to object to the
Settlement and/or Plaintiffs' Lead Counsel's application for
attorneys' fees and expenses; and (v) their right to appear at
the Settlement Hearing; (c) constituted due, adequate, and
sufficient notice to all persons and entities entitled to receive
notice of the proposed Settlement; and (d) satisfied the
requirements of Rule 23.1 of the Federal Rules of Civil
Procedure, the United States Constitution (including the Due
Process Clause), and all other applicable law and rules.

6.    Final Settlement Approval and Dismissal of Claims –
Pursuant to, and in accordance with, Federal Rule of Civil
Procedure 23.1, this Court hereby fully and finally approves the
Settlement set forth in the Stipulation in all respects
(including, without limitation: the Settlement consideration; the
Releases, including the release of the Settled Plaintiffs' Claims
as against the Released Defendant Parties; and the dismissal with
prejudice of the claims asserted against Defendants in the
California Action), and finds that the Settlement is, in all
respects, fair, reasonable, and adequate to the Company and its
stockholders.  The Parties are directed to implement, perform,

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.   The California Action and all of the claims asserted against all Defendants in the California Action by the California Plaintiffs are hereby dismissed with prejudice.   The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.   Binding Effect – The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and all McKesson stockholders, as well as their respective successors and assigns.

9.   Releases – The Releases set forth in paragraphs 9, 10, and 11 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date.   Accordingly, this Court orders that: (a) without further action by anyone, and subject to Paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs, the SLC, the Company, and by operation of law the Company's stockholders shall be deemed to have, and by operation of law and of the Judgment, shall have, fully, finally, and forever discharged, settled, and released, and shall forever be enjoined from commencing or prosecuting, any and all Settled Plaintiffs' Claims and Settled Litigation Claims (including Unknown Claims) against the Released Defendants' Parties; (b) without further action by anyone, and subject to Paragraph 10 below, upon the Effective Date of the Settlement, Defendants, the SLC, and the Company shall be deemed to have, and by operation of

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

law and of the Judgment, shall have, fully, finally, and forever
discharged, settled, and released, and shall forever be enjoined
from commencing or prosecuting, any and all Settled Defendants'
Claims and Settled Litigation Claims (including Unknown Claims)
against the Released Plaintiffs' Parties; (c) without further
action by anyone, and subject to Paragraph 10 below, upon the
Effective Date of the Settlement, Plaintiffs, Defendants, the
Company, and by operation of law the Company's stockholders shall
be deemed to have, and by operation of law and of the Judgment,
shall have, fully, finally, and forever discharged, settled, and
released, and shall forever be enjoined from commencing or
prosecuting, any and all Settled Litigation Claims (including
Unknown Claims) against the SLC and the SLC's Counsel.

10.   Notwithstanding Paragraphs 9(a)-(c) above, nothing in
this Judgment shall bar any action by any of the Parties to
enforce the terms of the Stipulation or this Judgment.  Also, for
the avoidance of doubt, the Settlement does not cover, settle, or
release: (i) any direct claims held by any current, former, or
future stockholder of McKesson who is not a Plaintiff, including
any claims asserting violations of the federal or state
securities laws, including, without limitation, claims asserted
in Evanston Police Pension Fund v. McKesson Corporation, et al.,
Case No. 3:18-cv-06525-CRB (N.D. Cal.); or (ii) any claims
currently asserted in Henry v. Tyler, et al., Case No. 3:19-cv-
2869-CRB (N.D. Cal.).

11.   No Admissions – Neither this Judgment, the Term Sheet,
the Stipulation, including the exhibits thereto, the negotiations
leading to the execution of the Term Sheet and the Stipulation,

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties or the SLC as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties or the SLC with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties or the SLC, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties or the SLC that any of the Released Plaintiffs' Parties' claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaints would not have exceeded the Settlement Consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any

8

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties or the SLC as an admission, concession, or presumption that the consideration to be given in the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties, the Released Parties, and their respective counsel, the SLC, and the SLC's Counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder, to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement.

    12.  Award of Attorneys' Fees and Expenses – Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Cash Settlement Fund, with due consideration given to both the cash settlement and the corporate governance reforms, which constitute an exceptional result.  The Court finds the requested attorneys' fees to be fair and reasonable under Delaware law[1] and

----

[1] Delaware law governs the fee award here because Delaware law governs the claims in this action.  See Second Consolidated Amended Complaint ¶ 10, Docket No. 124 (invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332); see also Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) (holding that "state substantive law governs the award of fees in diversity actions" as well as the "calculation of the amount of the fee").  The requested attorneys' fees are

consistent with the twenty-five-percent benchmark used in the

Ninth Circuit.  When cross-checked against the lodestar of

$15,020,210.40, the requested attorneys' fees represent a 2.9

multiplier, which is a reasonable multiplier in light of the

excellent results that Plaintiffs' Counsel achieved on behalf of

the settlement class members and the risks they undertook to

litigate this action on a contingency basis.  The Court also

finds the requested expenses in the amount of $421,223.91 to be

fair, adequate, and reasonable.  The Court-awarded attorneys'

fees and expenses shall be paid to Plaintiffs' Counsel in

accordance with the terms of the Stipulation.

  13.  No proceedings or court order with respect to the award

of attorneys' fees and expenses to Plaintiffs' Counsel shall in

any way disturb or affect this Judgment (including precluding

this Judgment from being Final or otherwise being entitled to

preclusive effect), and any such proceedings or court order shall

be considered separate from this Judgment.

  14.  Retention of Jurisdiction – Without affecting the

finality of this Judgment in any way, this Court retains

continuing jurisdiction over the Parties and all McKesson

---

within the range approved by Delaware courts in similar cases.
See, e.g., Americas Mining Corp. v. Theriault, 51 A.3d 1213,
1259-60 (Del. 2012) ("A study of recent Delaware fee awards finds
that the average amount of fees awarded when derivative and class
actions settle for both monetary and therapeutic consideration is
approximately 23% of the monetary benefit conferred; the median
is 25%.") (citations and internal quotation marks omitted).

10

[PROPOSED] FINAL JUDGMENT AND
ORDER APPROVING SETTLEMENT

stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

15. Modification of the Stipulation – Any further amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement shall only be made with the prior approval of the Court.

16. Termination of Settlement – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties or any McKesson stockholders, and the Parties shall revert to their respective litigation positions in the Actions as of October 15, 2019.

17. Entry of Final Judgment – There is no just reason to delay the entry of this Judgment as a final judgment in the California Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in the California Action.

IT IS SO ORDERED.

Dated: April 22, 2020

_____
CLAUDIA WILKEN
United States District Judge

11                    [PROPOSED] FINAL JUDGMENT AND
                      ORDER APPROVING SETTLEMENT